**UNITED STATES of America,**
Libelant,

v.

**S. S. MORMACTEAL, her engines, boilers, etc., and Moore-McCormack Lines, Inc., Respondent.**

United States District Court
S. D. New York.
July 2, 1962.

Robert M. Morgenthau, U. S. Atty., for libelant, United States, by Louis E. Greco, Attorney-in-Charge Admiralty & Shipping Section, Dept. of Justice, of counsel.

Burlingham, Underwood, Barron, Wright & White, New York City, for respondent.

CROAKE, District Judge.

Libelant brings this motion for an order striking the exceptive allegations of respondent on the grounds that this libel is not barred by the applicable statute of limitations as incorporated in the bill of lading issued by the respondent. Libelant contends:

(i) That the commercial bill of lading issued by the respondent is deemed converted into a Government bill of lading, pursuant to 4 C.F.R. 52.19 and, therefore, the one-year time limit for bringing cases as stated in the bill of lading is inapplicable; and

(2) that in any event, this libel was filed within one year from the time the cause of action arose.

Respondent by cross-motion asserts that the commercial bill of lading was not converted into a Government bill of lading and that the government has thereby failed to bring this action within the one-year period specified within the bill of lading. In the alternative, respondent moves for summary judgment on this issue.

The United States has filed this libel to recover for damages to a vehicle transported by respondent from New York to Brazil pursuant to a commercial bill of lading naming the American Ambassador in Rio de Janeiro as consignee. The vehicle was unloaded and delivered to the Customs authorities in Rio de Janeiro on October 23, 1959. The vehicle was released by Customs and turned over to the consignee on August 26, 1960. This libel was filed on December 5, 1960.

To decide these motions, this court must resolve either of two issues:

(1) Has libelant filed this libel within one year after the delivery of goods or the date when the goods should have been delivered in accordance with Clause 18 of the bill of lading?

(2) If the libel was not filed within one year of delivery, has the commercial bill of lading originally issued by the respondent been converted into a Government bill of lading by operation of law?

The twelfth paragraph of the bill of lading, the validity of which is not disputed, reads as follows:

"The responsibility of the carrier shall altogether cease and his goods shall be considered to be delivered * * * at the risk * * * of the consignee when delivered to lighters or other craft or put into possession of Customs or other authorities, * * * the Customs * * * being deemed to have taken delivery thereof as agents of the shipper, consignee * * *."

It is admitted that Customs took possession of the vehicle on October 23, 1959 and although the vehicle was not re-

leased to the consignee until August 26, 1960, this court is of the opinion that pursuant to the language of the bill of lading above quoted, delivery was effected on October 23, 1959 for the purposes of this motion. Therefore, if the time limit for instituting action as described in the bill of lading is valid, this libel is barred. To determine libelant's alternate grounds dealing with the conversion of the commercial bill of lading into a Government bill of lading, it is necessary to interpret 4 C.F.R. 52.19. This regulation is one of the 37 subdivisions of Part 52 of the Code of Federal Regulations dealing with the General Accounting Office. These regulations were promulgated pursuant to 31 U.S.C.A. § 49 and 31 U.S.C.A. § 52(f) which grant the Comptroller General the authority to prescribe forms for fund accounting in various executive departments. 4 C.F.R. 52.1 specifies the scope of these regulations as prescribing standard forms and regulations applicable to transportation services performed for the United States. 4 C.F.R. 52.2 lists various forms of Government bills of lading which should be used. 4 C.F.R. 52.19 contains the following instructive language:

"Every precaution should be taken to guard against the shipment of government property on a commercial bill of lading or commercial express receipt, since payment to the carrier of the transportation charges will not be made by the government on such commercial document alone. If, however, government property unavoidably moves on a commercial bill of lading . . ., the words 'to be converted to a Government Bill of Lading' must be placed on the original commercial document and on all copies thereof in a conspicuous manner."

▮▮ The United States relies on the decision of this court in Isthmian Steamship Company v. United States, 191 F. Supp. 338 (S.D.N.Y.1961) for the proposition that pursuant to 4 C.F.R. 52.19 the commercial bill of lading issued in this case was converted into a Government bill of lading. However, the opinion of the court in that case makes clear that the court found that both parties contemplated the conversion of the commercial bill of lading into a Government bill of lading. Indeed, in the case now before this court, the very issue between the parties is whether such a conversion takes place by operation of law. It is undisputed that the endorsement required by 4 C.F.R. 52.19 was not stamped on the bill of lading. Furthermore, as the same regulation makes clear, prepayment under a Government bill of lading is forbidden, while in this case freight was prepaid. Therefore, under the facts presented, there is nothing to support the contention that the parties intended the conversion of the commercial bill of lading into a Government bill of lading. Furthermore, I hold as a matter of law that 4 C.F.R. 52.19 does not in itself convert a commercial bill of lading into a Government bill of lading. It is clear from the language of this regulation that it was not intended to be anything more than a direction to Government agencies with respect to transportation contracts. There is nothing in the section to suggest that if its pertinent terms are disregarded the bill of lading will be converted contrary to the acts and intentions of the parties. Since libelant does not dispute that the Government is bound by contractual time limitation periods as set forth in the commercial bill of lading issued by the respondent, the motion to dismiss the exceptive allegations and to direct respondent to answer is denied. The cross-motion to sustain the exceptive allegations is granted, and since this bars any recovery on the part of the libelant, respondent's motion for summary judgment, pursuant to Rule 58 (b) of the Admiralty Rules, is granted.

Submit order on two days' notice.